# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARQUES; CRISTINA ROBLES,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION, successor by merger to BAC Home Loan Servicing LP f/k/a Countrywide Home Loans Servicing, LP; DOES 1 THROUGH 10, inclusive; APG FUND I, LLC,<br><br>Defendants. | CASE NO. 12cv1873 - IEG (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS BY BANK OF AMERICA, NATIONAL ASSOCIATION, AND FEDERAL HOME LOAN MORTGAGE CORPORATION [Doc. No. 15]; and**<br><br>**(2) DENYING AS MOOT MOTION TO AMEND/CORRECT COMPLAINT [Doc. No. 26]** |

    Presently before the Court is the motion of Defendants Bank of America, National Association ("BANA") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") to dismiss Plaintiffs Michael Marques and Cristina Robles' (collectively "Plaintiffs") second amended verified complaint ("SAC"). [Doc. No. 15, Def. Mot. to Dismiss ("Def. Mot.").] For the following reasons, the Court **GRANTS** the motion. The Court also **DENIES AS MOOT** Plaintiffs' motion to amend/correct the complaint. [Doc. No. 26, Pl.'s Mot. to Amend.]

/ / /

## BACKGROUND

On July 30, 2012, Plaintiffs filed an initial complaint against Freddie Mac, BANA, and Does 1 through 10. [Doc. No. 1, Compl.] Plaintiffs filed their FAC on August 16, 2012 and added Defendant APG Fund I, LLC ("APG Fund"). [Doc. No. 3, FAC.] Freddie Mac filed a motion to dismiss the FAC, and the Court granted in part and denied in part the motion. [Doc. No. 5, Def.'s Mot.; Doc. No. 9.] Plaintiffs subsequently filed a SAC, alleging the following causes of action: (1) declaratory relief; (2) declaratory relief; (3) negligence; (4) quasi contract; (5) violation of California Business and Professions Code § 17200, *et seq*.; (6) accounting; and (7) quiet title. [Doc. No. 12, SAC.]

Plaintiffs allege the following facts in their SAC. On or about January 6, 2004, Plaintiffs obtained title to real property commonly known as 172 Whitney Street, Chula Vista, California ("the Property") by grant deed. [Doc. No. 12, SAC ¶¶ 7, 29.] On or about September 6, 2006, Plaintiffs executed a mortgage note ("Note") and a deed of trust in favor of First Magnus Financial Corporation ("First Magnus") to borrow $376,000 to finance the Property. [Id. ¶ 30; Doc. No. 15-1, Def.'s Mot. at 10.] The Deed of Trust named Mortgage Electronic Registration Systems ("MERS") as the nominee for First Magnus and as the beneficiary of the Deed of Trust to secure the loan against the Property. [Doc. No. 12-2, Ex. B, Deed of Trust.]

Plaintiffs then allege that First Magnus attempted to securitize and/or sell their loan. Plaintiffs allege that neither the promissory note nor the deed of trust were validly transferred to an Unknown Trust "due to the failure to follow the basic legal requirements for the transfer of a negotiable instrument." [Doc. No. 12, SAC ¶¶ 21-22.] Plaintiffs argue that consequently, "Defendants are merely third-party strangers to the loan transaction." [Id. ¶ 31.]

Plaintiffs state that Freddie Mac "is either the trustee of a Mortgage Backed Security ("MBS") established pursuant to the laws of the state of New York [or]

claims to own the relevant MBS that Defendants claim contains the Mortgage Note that is the subject of this cause of action." [Id. ¶ 9.] Plaintiffs state that they "are ignorant as to the method . . . Defendant Freddie Mac claims to own an interest in the subject Mortgage Note." [Id.]

Defendants Freddie Mac and BANA argue in their motion to dismiss that an assignment transferred the Deed of Trust from MERS to BANA on January 24, 2012. [Doc. No. 15-1, Def.'s Mot. at 10.] Defendants also argue in their motion to dismiss that Quality Loan Service Corporation became the record trustee under the Deed of Trust. [Id.]

Plaintiffs, however, allege that "no recorded assignment of the original Deed of Trust was executed before the closing date of the trust." [Doc. No. 12, SAC ¶ 33.] They claim that the assignment of January 24, 2012 by MERS in favor of BANA was both untimely and invalid because it was executed after the closing date of the Unknown Trust, which violates the Pooling and Servicing Agreement ("PSA"). [Id.] Plaintiffs also contend that the assignment was invalid because it was fraudulently executed by Jeanine Abramoff, who Plaintiffs claim "lacked the requisite corporate and legal authority to effect an actual 'assignment' of the Mortgage Note and Deed of Trust. [Id. ¶ 47.]

Plaintiffs further allege that First Magnus declared bankruptcy on August 21, 2007. [Id. ¶ 34.] Because they contend that the assignment to BANA was fraudulent, Plaintiffs argue that the Mortgage Note and Deed of Trust "became subject to the jurisdiction of the Bankruptcy Trustee and the Bankruptcy Court." [Id.] Plaintiffs also argue that the Bankruptcy Trustee did not authorize the January 24, 2012 assignment of the Deed of Trust. [Id. ¶ 37.]

Plaintiffs allege that on April 11, 2012, BANA caused to be recorded and sent to Plaintiffs a Notice of Default and Election to Sell Under Deed of Trust. [Id. ¶ 99.] In July 2012, Plaintiffs allege that BANA, on behalf of Freddie Mac, caused BANA's agent Quality Loan Service Corporation to send to Plaintiffs an undated

1  and unsigned Notice of Trustee Sale to notify Plaintiffs that the Property would be
2  sold on August 10, 2012.  [Id.; Doc. No. 12-5, Ex. E, Notice of Trustee Sale.]  On
3  August 10, 2012, Quality Loan Service Corporation conducted a trustee's sale and
4  sold the Property to Defendant APG Fund.  [Doc. No. 12, SAC, ¶ 99.]
5       Plaintiffs allege that any actions by BANA to collect mortgage payments
6  from Plaintiffs and then to undertake a non-judicial foreclosure and sell the Property
7  are unlawful because the assignment of the deed of trust was invalid.  [Id. ¶¶ 61,
8  99.]  Plaintiffs also allege that "Defendants failed to properly credit payments made,
9  incorrectly calculated interest on the accounts, and failed to accurately debit fees, as
10 these payments belonged to the true beneficiary of the Note and Deed of Trust."
11 [Id. ¶ 105.]

## DISCUSSION

### I.  Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 1949 (quoting

1 Twombly, 550 U.S. at 678).

2 "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
3 relief' requires more than labels and conclusions, and a formulaic recitation of the
4 elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting
5 Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need
6 not accept "legal conclusions" as true.  Iqbal, 556 U.S. at 678. Despite the deference
7 the court must pay to the plaintiff's allegations, it is not proper for the court to
8 assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that
9 defendants have violated the . . . laws in ways that have not been alleged."
10 Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,
11 459 U.S. 519, 526 (1983).

12 Further, a court generally may not consider materials beyond the pleadings
13 when ruling on a Rule 12(b)(6) motion.  United States v. Ritchie, 342 F.3d 903,
14 907-08 (9th Cir. 2003).  However, a court "may take judicial notice of matters of
15 public record . . . as long as the facts noticed are not subject to reasonable dispute."
16 Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).[1]

17 As a general rule, a court freely grants leave to amend a complaint which has
18 been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied
19 when "the court determines that the allegation of other facts consistent with the
20 challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co.
21 v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

---

[1] Defendants request that the Court take judicial notice of the following documents: (1) a deed of trust; (2) an assignment of the deed of trust; (3) a substitution of trustee; (4) a notice of default; (5) a notice of sale; and (6) a trustee's deed upon sale. [Doc. No. 15-2, Request for Judicial Notice.]
Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of documents that are matters of public record or are quasi-public documents.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). In addition, if a document forms the basis of a plaintiff's complaint, "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003). As the documents are of public record and are documents which form the basis of Plaintiffs' complaint, the Court **GRANTS** Defendants' request for judicial notice.

### A.     First Cause of Action:  Declaratory Relief

Plaintiffs in their SAC "allege that neither Freddie Mac, [BANA], The Unknown Trust, or [sic] the Doe Defendants, [sic] have a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignments have no value since the Deed of Trust is wholly unsecured." [Doc. No. 12, SAC ¶ 122.]  Plaintiffs request that the Court find that "Freddie Mac, [BANA], and the Doe Defendants have no rights or interest in the Note, Deed of Trust, or the Property, which authorizes them . . . to collect Plaintiffs' mortgage payments or enforce the terms of the Note or Deed of Trust . . .." [Id. ¶ 125.]  Defendants seek to dismiss Plaintiffs' first cause of action for declaratory relief on the grounds that adequate remedies exist under other causes of action. [Doc. No. 15-1, Def.'s Mot. at 21-22.]

"Declaratory relief is appropriate:  (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). "While the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate, the availability of other adequate remedies may make declaratory relief inappropriate."  Fimbres v. Chapel Mortg. Corp., 2009 WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotations and citations omitted).  A federal court may decline to address a declaratory relief claim "[w]here the substantive suit would resolve the issues raised by the declaratory judgment action, . . . because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated."  Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008) (quoting Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987)).

In the present case, the Complaint does not suggest that declaratory relief would entitle Plaintiffs to relief beyond what is requested in their substantive

claims. Furthermore, the Complaint does not suggest that the substantive suit would not resolve the issues raised by the claim for declaratory relief. For example, Plaintiffs' fourth cause of action for quasi contract requires the Court to determine whether Freddie Mac acquired an interest in the Note and whether BANA was entitled to collect payments from Plaintiffs. [Doc. No. 12, SAC ¶¶ 145-146.] Accordingly, declaratory relief is inappropriate, and the Court **GRANTS** Defendant's motion to dismiss as to Plaintiffs' first claim for declaratory relief, and **DISMISSES** it with prejudice.

### B.     Third Cause of Action:  Negligence

The elements of a negligence claim are:  (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) the plaintiff was damaged. Ladd v. Cnty. of San Mateo, 12 Cal.4th 913, 917 (1996). Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991). Special circumstances which give rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." Lingad v. Indymac Fed. Bank, 682 F.Supp.2d 1142, 1149 (E.D. Cal. 2010) (quoting Nymark, 231 Cal.App.3d at 1096). This rule also applies to loan servicers. Lingad, 682 F.Supp.2d at 1149 (citing Azzini v. Countrywide Home Loans, 2009 WL 5218042, at *2 (S.D. Cal. Dec. 29, 2009)).

"In California, the test for determining whether a financial institution owes a duty of care to a borrower-client 'involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct

and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Nymark, 231 Cal.App.3d at 1098 (quoting Connor v. Great Western Sav. & Loan Ass'n, 69 Cal.2d 850, 865 (1968)).

Plaintiffs in their SAC have made little effort to correct the deficiencies identified by the Court in their FAC. In their SAC, Plaintiffs again state that Defendants have a duty to "follow California law with regard to enforcement of monetary obligations, and to refrain from taking or failing to take action against Plaintiffs that they did not have the legal authority to do." [Doc. No. 12, SAC ¶ 140.] Plaintiffs also argue again in their opposition that Defendants Freddie Mac and BANA owed them a duty of care because of their "unconventional relationship" with Plaintiffs, without providing any further explanation of the "unconventional relationship." [Doc. No. 18, Pl.'s Opp. at 18.] Plaintiffs do not allege any facts showing that BANA and Freddie Mac exceeded the scope of their conventional roles. See Nymark, 231 Cal.App.3d at 1096. Therefore, Plaintiffs have not pled facts demonstrating that BANA and Freddie Mac owed them a duty of care. Accordingly, the Court **GRANTS** the motion to dismiss as to the third cause of action, and **DISMISSES WITH PREJUDICE** Plaintiffs' third cause of action.

### C.   Fourth Cause of Action: Quasi-contract

Plaintiffs seek to recover restitution on a quasi-contract cause of action for payments made to Freddie Mac and BANA. [Doc. No. 12, SAC ¶ 149.] Plaintiffs allege that "Freddie Mac has been unjustly enriched by collecting monthly payments from Plaintiffs when it had and has no interest in their Note or Deed of Trust." [Id. ¶ 148.] Plaintiffs allege that as the Assignment was "a false document fraudulently created and executed . . . ." and that because it "created a fraudulent lien claim . . ., Defendants have no right to collect payments." [Id. ¶¶ 46, 50.] As Plaintiffs' quasi contract claim is premised on fraudulent conduct by Defendants, Plaintiffs must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Rule 9(b) applies to state-law causes of action. Vess v. Ciba-Geigy Corp.

USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  Even if fraud is not a necessary element of a claim, if a plaintiff chooses to allege in the complaint that the defendant has engaged in fraudulent conduct in support of a claim, "the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements."  Id. at 1104.  When a plaintiff alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  Id. at 1103-04.

Rule 9(b) provides that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  A complaint meets this standard if it alleges "the time, place, and specific content of the false representations as well as the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted)).  "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).  "[I]ntent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Quasi contract is synonymous with unjust enrichment.  See McLaughlin, 2013 WL 1164432, at *7.  "The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched."  Othworth v. So. Pac. Trans. Co., 166 Cal.App.3d 452, 460 (1985).  "[A]n individual may be required to make restitution if he is unjustly enriched at the expense of another.  A person is enriched if he receives a benefit at another's expense.  The term 'benefit' denotes any form of advantage. . . .  Even when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it."

F.D.I.C. v. Dintino, 167 Cal.App.4th 333, 346-47 (2008) (internal citations and quotations omitted).

Plaintiffs fail to meet the heightened pleading standards of Rule 9(b) for their averments of fraud in support of the quasi contract claim.  For example, Plaintiffs summarily allege that "Freddie Mac, [BANA], and others acting in concert with them, knowingly accepted payments and retained them for its [sic] own use knowing Freddie Mac had not acquired and never did acquire an interest in Plaintiffs' Note."  [Doc. No. 12, SAC ¶ 146.]  Plaintiffs fail to plead with particularity the circumstances constituting the alleged fraud.  See Fed. R. Civ. P. 9(b).  Plaintiffs provide no information regarding the time, place, and specific content of Freddie Mac and BANA's demands for payment and acceptance of payment.  See Swartz, 476 F.3d at 764.  Therefore, even taking Plaintiffs' allegations as true, see Cahill, 80 F.3d at 337-38, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiffs' fourth cause of action for failure to meet Rule 9(b)'s heightened pleading requirements for fraud, and **DISMISSES** it without prejudice.

**D.   Fifth Cause of Action:  Violation of California Business and Professions Code § 17200, et. seq.**

California Business and Professions Code § 17200 *et. seq.*, also referred to as the unfair competition law ("UCL"), "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'"  Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 320 (2011) (quoting Cal. Bus. & Prof. Code § 17200).

"Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition:  (1) *unlawful* acts or practices, (2) *unfair* acts or practices, and (3) *fraudulent* acts or practices."  Quintero Family Trust v. OneWest Bank, F.S.B., 2010 WL 2618729 (S.D. Cal. June 25, 2010) (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)).  "Each prong

of the UCL is a separate and distinct theory of liability." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1127 (9th Cir. 2009) (citing <u>South Bay Chevrolet v. Gen. Motors Acceptance Corp.</u>, 72 Cal.App.4th 861 (1999)).  However, Plaintiffs do not distinguish among the three separate types of unfair competition, and instead allege that "Defendants Freddie Mac, [BANA], and one or more D[oe] Defendants [sic] acts and practices are unlawful, unfair, and fraudulent." [Doc. No. 12, <u>SAC</u> ¶¶ 155, 156.]

Private standing under the UCL is limited to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  The intent of this section is to "confine standing to those actually injured by a defendant's business practices." <u>Kwikset Corp.</u>, 51 Cal.4th at 321.  Even assuming Plaintiffs have private standing under the UCL, they fail to state a claim under the UCL.

### 1. Unlawful Practices

"The unlawful practices prohibited by . . . section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." <u>South Bay Chevrolet v. Gen. Motors Acceptance Corp.</u>, 72 Cal.App.4th 861, 880 (1999).  "Where a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either." <u>Rubio v. Capital One Bank (USA), N.A.</u>, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (citing <u>Smith v. State Farm Mutual Auto. Ins. Co.</u>, 93 Cal.App.4th 700, 718 (2001)).

Plaintiffs summarily allege that Defendants' actions are in violation of 12 U.S.C. § 2605(c), *et seq.*, California Penal Code § 532(f)(a)(4), and 18 U.S.C. § 1951(b)(2).  [Doc. No. 12, <u>SAC</u> ¶¶ 151-153.]  12 U.S.C. § 2605(c) states that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. § 2605(c).  California Penal Code § 532(f)(a)(4) pertains to false pretenses.  18 U.S.C. § 1951(b)(2) criminalizes

interference with commerce by threats or violence.

Merely listing these statutes, without articulating specific facts to satisfy each element, is insufficient to state a violation of the UCL under the unlawful business practices prong. See Bejou v. Bank of America, N.A., 2013 WL 1759126, at *5 (E.D. Cal. Apr. 24, 2013); Saldate v. Wilshire Credit Corp., 686 F.Supp.2d 1051, 1067 (E.D. Cal. 2010) ("The complaint's bare reference to federal statutes and common law claims provides not the slightest inference that [the plaintiff] has a viable UCL claim."). Accordingly, Plaintiffs fail to state a claim under the UCL for unlawful business practices.

### 2. Unfair Practices

California case law is somewhat unsettled regarding what constitutes an unfair business practice in consumer cases. See Davis v. Ford Motor Credit Co., 179 Cal.App.4th 581, 594, 597-98 (2009); see also Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007). The Ninth Circuit in Lozano counseled that in the consumer context, California courts use two tests: (1) the unfairness must be tied to a "legislatively declared" policy; and (2) a balancing test. Id. (citing Cel-Tech Comm'ns, Inc. v. L.A. Cellular Telephone Co., 20 Cal.4th 163 (1999); South Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861 (1999)); see also Fife v. Facebook, Inc., 2012 WL 5303297, at *16 (N.D. Cal. Oct. 25, 2012). Under the Cel-Tech test, the unfairness must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." Cel-Tech, 20 Cal.4th 186-87. Under the South Bay Chevrolet balancing test, determining whether a business practice is unfair "involves an examination of [that practice's] impact on the alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." South Bay Chevrolet, 72 Cal.App.4th at 886 (internal quotations omitted). Plaintiffs conclude, without providing any supporting facts,

that the "acts and practices [of Defendants] are unfair and the harm cause [sic] by the conduct outweighs any benefits that they conduct may have." [Doc. No. 12, SAC ¶ 158.]

Plaintiffs fail to allege facts to state a claim under either test as they only provide "a formulaic recitation of the elements of [the] cause of action." Twombly, 550 U.S. at 555. Although Plaintiffs do allege an injury, Plaintiffs fail to allege facts to support their legal conclusion that the injury was not outweighed by any countervailing benefits. See Rabago v. Deutsche Bank Nat. Trust Co., 2011 WL 2173811, at *5 (C.D. Cal. June 1, 2011). Plaintiffs also do not allege that the unfairness is tethered to a legislatively declared policy or provide proof of impact on competition. As Plaintiffs have failed to allege facts to support the required elements, they fail to state a claim for unfair business practices under the UCL.

### 3. Fraudulent Practices

Conduct is "fraudulent" under the UCL if it is "likely to deceive." Morgan v. AT&T Wireless Servs., Inc., 177 Cal.App.4th 1235, 1254 (2009). A plaintiff must "show that members of the public are likely to be deceived." Williams v. Gerber Prods. Co., 552 F.3d 934 (9th Cir. 2008) (quoting Bank of West v. Superior Court, 2 Cal.4th 1254, 1267 (1992)). A plaintiff must also allege the existence of a duty to disclose and reliance. In re Tobacco II Cases, 46 Cal.4th 298, 328 (2009); Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1557 (2007).

A plaintiff must also meet the requirements of Rule 9(b), which requires a plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. Kearns, 567 F.3d at 1125; Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). Here, Plaintiffs summarily state that the "acts and practices [of Defendants] are likely to deceive members of the public." [Doc. No. 12, SAC ¶ 157.] As discussed above, Plaintiffs fail to plead with particularity the circumstances constituting the alleged fraud as required by Rule 9(b). Accordingly, Plaintiffs fail to state a claim for fraudulent business practices under the UCL.

1    As Plaintiffs fail to state a claim under all three prongs of the UCL, the Court
2 **GRANTS** Defendants' motion to dismiss as to Plaintiffs' fifth cause of action and
3 **DISMISSES** without prejudice Plaintiffs' fifth cause of action.

4    **E.    Sixth Cause of Action:  Accounting**

5    "A cause of action for an accounting requires a showing that a relationship
6 exists between the plaintiff and defendant that requires an accounting, and that some
7 balance is due the plaintiff that can only be ascertained by an accounting."
8 Tamburri v. Suntrust Mortg., Inc., 2011 WL 6294472, at *17 (N.D. Cal. Dec. 15,
9 2011) (quoting Teselle v. McLoughlin, 173 Cal.App.4th 156, 179 (2009)).

10    Plaintiffs allege that Freddie Mac and BANA have "held themselves out to be
11 Plaintiffs' creditor and mortgage servicer," and that "[a]s a result of this purported
12 relationship with Plaintiffs, said Defendants have a fiduciary duty to Plaintiff [sic]
13 to properly account for payments made by Plaintiffs." [Doc. No. 12, SAC ¶ 166.]
14 Plaintiffs also allege that "[a]s a result of . . . fraudulent conduct, Plaintiff [sic] paid
15 Freddie Mac, [BANA], and other agents and employees of Freddie Mac[] mortgage
16 payments for a period of many years." [Id. ¶ 167.]  Plaintiffs argue that since the
17 money paid Freddie Mac was not owed to it, these amounts "are due to be returned
18 to the Plaintiffs in full." [Id.]  Defendants argue that Plaintiffs are subject to the
19 heightened pleading requirements of Rule 9(b) and "fail to state any facts
20 supporting their claim that Freddie Mac held itself out to be the holder of the
21 [N]ote." [Doc. No. 15-1, Def.'s Mot. at 28-29.]

22    As discussed above, Plaintiffs fail to meet the heightened pleading
23 requirements for Rule 9(b) for the fraudulent conduct that forms the basis of the
24 accounting claim as they do not plead the time, place, and specific content of
25 Defendants' demands for payment and acceptance of payment. See Swartz, 476
26 F.3d at 764.  Therefore, even taking Plaintiffs' allegations as true, see Cahill, 80
27 F.3d at 337-38, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiffs'
28 sixth cause of action for failure to meet Rule 9(b)'s heightened pleading

requirements for fraud, and **DISMISSES** it without prejudice.

### F. Seventh Cause of Action: Quiet Title

California Code of Civil Procedure § 761.020 "mandates a verified complaint for a quiet title action to include:" (1) "A legal description and street address of the subject real property;" (2) "The title of plaintiff as to which determination is sought and the basis of the title;" (3) "The adverse claims to the title of the plaintiff against which a determination is sought;" (4) "The date as of which the determination is sought;" and (5) "A prayer for the determination of the title of the plaintiff against the adverse claims." Hamilton v. Bank of Blue Valley, 746 F.Supp.2d 1160, 1177 (E.D. Cal. 2010) (citing Cal. Code Civ. P. § 761.020) (internal quotation marks omitted).

Defendants argue that "there is no [q]uiet [t]itle cause of action against Defendants [Freddie Mac and BANA] because the property [was] sold to a third party purchaser." [Doc. No. 15-1, Def.'s Mot. at 30.] Plaintiffs in their opposition state that they "have no objection to dismissal of the eighth cause of action as against Defendant Freddie Mac and Defendant [BANA] as requested by all parties." [Doc. No. 18, Pl.'s Opp. at 22.] Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to the seventh cause of action for quiet title, and **DISMISSES WITH PREJUDICE** this claim as to Defendants Freddie Mac and BANA.

### CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' motion to dismiss. Specifically, the Court:

1. **DISMISSES** with prejudice Plaintiffs' first cause of action;
2. **DISMISSES** with prejudice Plaintiffs' third cause of action;
3. **DISMISSES** without prejudice Plaintiffs' fourth cause of action;
4. **DISMISSES** without prejudice Plaintiffs' fifth cause of action;
5. **DISMISSES** without prejudice Plaintiffs' sixth cause of action;
7. **DISMISSES** with prejudice Plaintiffs' seventh cause of action as to

1 | Defendants Freddie Mac and BANA.
2 | Plaintiffs are **GRANTED** twenty-one (21) days from the date this Order is filed to
3 | file a Third Amended Complaint addressing the deficiencies set forth above of the
4 | fourth, fifth, and sixth causes of action.  The Court **DENIES AS MOOT** Plaintiffs'
5 | motion to amend/correct the complaint.  [Doc. No. 26, Pl.'s Mot. to Amend.]
6 | **IT IS SO ORDERED.**
7 | **DATED:**  May 8, 2013
8 | **IRMA E. GONZALEZ**
  | **United States District Judge**